UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GENEVIEVE T. PORTER AND STEVEN PORTER,<br><br>   Plaintiffs,<br><br>   v.<br><br>WALMART INC., a Delaware corporation, JOHN DOE MANAGER and JANE DOE MANAGER, husband and wife; JANE DOE ASSISTANT MANAGER and JOHN DOE ASSISTANT MANAGER, wife and husband, and "JOHN DOE EMPLOYEES 1-5",<br>   Defendant. | NO. 3:22-cv-05435<br><br>(LEWIS COUNTY SUPERIOR COURT CAUSE NO. 22-2-00305-21)<br><br>NOTICE OF REMOVAL BY DEFENDANT WALMART INC.<br><br>***(CLERK'S ACTION REQUIRED)*** |

TO:         CLERK OF THE COURT;

AND TO:   PLAINTIFFS' COUNSEL OF RECORD

## I. RELIEF REQUESTED

Defendant WALMART INC. ("Walmart") seeks to remove the above-captioned case from Lewis County Superior Court in Washington State to the United States District Court for the Western District of Washington at Tacoma under 28 U.S.C. §§ 1332, 1441, and 1446.

## II. STATEMENT OF FACTS

1. Underlying Incident

Plaintiffs GENEVIEVE PORTER and STEVEN PORTER, collectively ("Plaintiffs"),

1 alleges that on August 2, 2019, while shopping at the Walmart store located in Chehalis,
2 Washington, store #2249, Ms. Porter slipped and fell, suffering injuries.  *See* Declaration of
3 Gabrielle Lindquist, attached hereto as **Exhibit A**; *see also* Summons and Complaint, attached
4 hereto as **Exhibit B**.

   2. Relevant Procedural Facts

   Plaintiffs filed a Complaint in the Superior Court of Washington for Lewis County on
April 28, 2022.  *See* Ex. B., and served Walmart on April 26, 2022.

   Walmart served its RCW 4.28.360 Request for Statement of Damages ("RSD") on
Plaintiffs on May 6, 2022 and received Plaintiffs' response thereto on June 6, 2021.  *See*
Plaintiffs' response to Walmart's Request for Statement of Damages, attached hereto as
**Exhibit C**.  In their response, Plaintiffs indicated special damages in the amount of
$158,627.37.  *Id.*

### III. STATEMENT OF ISSUE

   Whether this case may be properly removed to federal court where there is total diversity between the parties and the amount in controversy is in excess of $75,000 exclusive of interest and costs according to Plaintiffs' response to Defendant Walmart's Request for Statement of Damages.

### IV. EVIDENCE RELIED UPON

   This motion is based upon the records and pleadings on file with the Court, as well as the Declaration of Gabrielle Lindquist, Esq., attached hereto as Exhibit A.

### V. ARGUMENT

A. This Case Is Removable Under 28 U.S.C. § 1332, Through Which This Court Has Original Jurisdiction Over The Lawsuit Filed by Plaintiffs In Lewis County Superior Court

   The district courts shall have original jurisdiction of all civil actions (1) where the parties in the case are diverse as defined by 28 U.S.C. § 1332(a)(1)-(4); (2) where the amount

NOTICE OF REMOVAL BY DEFENDANT WALMART INC. - 2

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1 in controversy exceeds the sum or value of $75,000 exclusive of interest and costs; and (3)
2 where removal is timely.  The amount in controversy can either be evident "on the face" of the
3 Complaint or ascertained via some later pleading(s) or "other paper" in the record of the state
4 court proceeding.  *See* 28 U.S.C. § 1446(b)(3); *see also Harris v. Bankers Life and Cas. Co.*,
5 425 F.3d 689 (2005).

6 When and how removability is "ascertainable" matters with respect to whether removal
7 is timely under 28 U.S.C. § 1446.  There are, generally speaking, two viable "removal
8 periods."  *See Harris*, 425 F.3d at 694.  [1] A defendant has 30 days to remove a case if the
9 removability of the case is evident on the face of the complaint; or [2] a defendant has 30 days
10 beyond some later period from which it first becomes ascertainable that the case is removable.
11 *See id.*  ("[T]he first thirty-day requirement [to remove] is triggered by defendant's receipt of
12 an 'initial pleading' that reveals a basis for removal.  If no ground for removal is evident in that
13 pleading, the case is 'not removable' at that stage.  In such case, the notice of removal may be
14 filed within thirty days after the defendant receives ['other paper'] from which it can
15 ascertained…that removal is proper.") (citations omitted).

16 In this case, (1) diversity between the parties is evident on the face of the Complaint;
17 (2) the fact that the amount in controversy exceeds the sum or value of $75,000 exclusive of
18 interest and costs was not evident on the face of the Complaint, but *is now* evident from
19 Plaintiffs' response to Walmart's Request for Statement of Damages, and (3) insofar as
20 Walmart is filing this Notice of Removal within 30 days of service of receiving aforementioned
21 response to Walmart's Request for Statement of Damages, Walmart's Notice is timely and this
22 case may be properly removed under 28 U.S.C. §§ 1446(b) and 1332.

23     1. <u>There Is Diversity Between The Parties</u>

24 Per the Complaint, Plaintiffs are all residents of Lewis County, Washington.  *See* Ex. B
25 at ¶1.2.  Thus, Plaintiffs are "citizens of" Washington State.  Walmart Inc. is (a) incorporated

in Delaware and (b) its principal place of business is in Arkansas. Thus, Walmart is "a citizen of" either Delaware or Arkansas, but not Washington State. *Accord* 28 U.S.C. § 1332(c)(1). Additionally, while there are multiple fictitious Defendants named in the Complaint, under 28 U.S.C. § 1441(b)(1), "In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded."

Based on the foregoing, there is diversity between these parties as described in 28 U.S.C. § 1332(a)(1).

### 2. The Amount In Controversy Exceeds The Sum Or Value Of $75,000

Per Plaintiffs' response to Walmart's Request for Statement of Damages, the amount in controversy in this matter is in excess of $158,000. *See* Ex. C.

### 3. Walmart's Notice Of Removal Is Timely

In this matter, the case stated by the initial pleading was not removable (no specific amounts claimed in Complaint); however, Plaintiffs' response to Walmart's Request for Statement of Damages constitutes "other paper" within the meaning of 28 U.S.C. § 1446 from which it could first be ascertained that this case is removable.[1] As this Notice is being filed within 30 days of receipt of that "other paper," this Notice is timely.[2]

## B. Walmart's Notice Of Removal Complies With All Applicable Local And Federal Procedural Rules Attendant To Removal

### 1. This Notice And Accompanying Documents Satisfy LCR 101

---

[1] "If the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in section 1332(a), information relating to the amount in controversy in the record of the State proceeding, *or in responses to discovery, shall be treated as an 'other paper'* under subsection (b)(3)." 28 U.S.C. § 1446(c)(3)(A) (emphasis added)

[2] Walmart received Plaintiffs' Request for Statement of Damages on June 6, 2022 and is filing this Notice of Removal on June 10, 2022.

NOTICE OF REMOVAL BY DEFENDANT WALMART INC. - 4

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

...

Pursuant to LCR 101(b), in cases removed from state court, the removing defendant shall file contemporaneously with the notice of removal:

(1) A copy of the operative complaint, which must be attached as a separate "attachment" in the electronic filing system and labeled as the "complaint" or "amended complaint."

(2) A certificate of service which lists all counsel and pro se parties who have appeared in the action with their contact information, including email address.

(3) A copy of any Jury Demand filed in the state court, which must be filed as an attachment and labeled "Jury Demand."

In addition to the foregoing, the removing defendant(s) shall, within 14 days of filing this Notice, or contemporaneously, file with the clerk of this Court black-on-white copies of all additional records and proceedings in the state court, together with verification that they are true and complete copies. LCR 101(c).

Walmart has filed and/or otherwise provided true and complete copies of all of the above referenced documents as required under local rules, including copies of all records and proceedings filed in the state court proceeding being removed by virtue of this petition. These documents and/or exhibits constitute and contain the entirety of the records and proceedings filed in Lewis County Superior Court as of the date of filing this Notice. True and complete copies of all pleadings, records, and documents filed in the state court action are also attached hereto as **Exhibit D**.

2. <u>Both The Federal And State Courts Are On Properly Notice Of This Removal Action</u>

This Notice is properly filed in the United States District Court for the Western District of Washington at Tacoma because this Court embraces Lewis County, the county in which the state court action is now pending. *See* 28 U.S.C. §§ 128(b) and 1441(a).

NOTICE OF REMOVAL BY DEFENDANT WALMART INC. - 5

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

Pursuant to 28 U.S.C. §§ 1446(d), Walmart is filing a copy of this Notice with the Clerk of the Lewis County Superior Court and is also serving a copy of this Notice on Plaintiffs' counsel of record in the state court action.

## VI. CONCLUSION

Walmart hereby removes this case from the Lewis County Superior Court to the United States District Court for the Western District of Washington at Tacoma pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.  By removing, Walmart does not waive any defenses, including but not limited to lack of personal jurisdiction, insufficiency of process, or insufficiency of service of process.

DATED this 13th day of June, 2022.

WILLIAMS, KASTNER & GIBBS PLLC

*/s/ Eddy Silverman*
Rodney L. Umberger, WSBA No. 24948
Eddy Silverman, WSBA No. 53494
Gabrielle Lindquist, WSBA No. 57177

Two Union Square
601 Union Street, Suite 4100
Seattle, WA 98101-2380
Phone:  206.628.6600
Fax:     206.628.6611
Email:  rumberger@williamskastner.com
            esilverman@williamskastner.com
            glindquist@williamskastner.com

***Counsel for Defendant Walmart Inc.***

## **CERTIFICATE OF SERVICE**

The undersigned certifies under penalty of perjury under the laws of the State of Washington that on the date indicated below, I caused service of a true and correct copy of the foregoing document in the manner indicated below to:

| | |
|---|---|
| CERTA LAW GROUP | ☑ CM/ECF |
| Harold Carr, WSBA #11767 | |
| Adam C. Cox, WSBA #35677 | |
| 4239 Martin Way, E. | |
| Olympia, WA 98516 | |
| 360-455-0030 (t) | |
| Email: Adam@haroldcarrattorney.com | |

*Counsel for Plaintiffs*

Signed at Seattle, Washington this 13th day of June, 2022.

WILLIAMS, KASTNER & GIBBS PLLC

*s/Ryan McDade*
Ryan McDade, Legal Assistant
rmcdade@williamskastner.com