FILED
LEWIS COUNTY

2022 APR 28 AM 11: 33

SUPERIOR COURT
CLERK'S OFFICE



22-2-00305-21
CMP    2
Complaint
12274395

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

IN AND FOR THE COUNTY OF LEWIS

| | |
|---|---|
| GENEVIEVE T. PORTER and STEVEN PORTER,<br>    Plaintiffs,<br><br>vs.<br><br>WALMART INC., a Delaware corporation, JOHN DOE MANAGER and JANE DOE MANAGER, husband and wife; JANE DOE ASSISTANT MANAGER and JOHN DOE ASSISTANT MANAGER, wife and husband, and "JOHN DOE EMPLOYEES 1-5",<br><br>    Defendant. | No. 22-2-00305-21<br><br>COMPLAINT FOR PERSONAL INJURIES |

COMES NOW the Plaintiffs above named, by and through Plaintiffs' attorneys, Harold D. Carr, and Adam C. Cox for a cause of action against Defendants and each of them allege as follows:

### I. PLAINTIFF

1.1  At all times material hereto, Plaintiffs Genevieve T. Porter and STEVEN PORTER were married residents of Lewis County, Washington.

COMPLAINT FOR PERSONAL INJURIES- 1

Harold D. Carr, P.S.
4239 Martin Way E.
Olympia WA 98516
(360) 455-0030
Fax (360) 455-0031

## II. DEFENDANTS

2.1     At all times material hereto, Defendant, WALMART INC., was a Delaware corporation conducting business in Chehalis, Lewis County, State of Washington, which is the legal owner and possessor of real property and improvements located at 1601 NW Louisiana Ave, Chehalis, WA 98532 (LEWIS County Parcel # 750030404097) as Store #2249. WALMART INC. is assigned a Washington UBI number 601336273 with its registered agent for service of process as CT Corporation System, 711 Capitol Way S., Suite 204, Olympia, WA, 98501-1267.

2.2     Upon information and belief, at all times material hereto, defendants JOHN DOE MANAGER and JANE DOE MANAGER were husband and wife residing in Lewis County, Washington. Defendant JOHN DOE or JANE DOE MANAGER was the Manager of Walmart Store #2249 at the time of Plaintiff's fall. Fictitious Defendants, "JOHN DOE MANAGER and JANE DOE MANAGER", whose true name and capacity are unknown to Plaintiff, were employees, agents, and/or representatives of WALMART INC., acting within the course and scope of their respective employment. Plaintiff therefore sues these Defendants by such fictitious names. Plaintiff reserves the right to amend the Complaint to state the true name and capacity of said JOHN DOE MANAGER and JANE DOE MANAGER.

2.3     Upon information and belief, at all times material hereto, defendant JANE DOE ASSISTANT MANAGER and JOHN DOE ASSISTANT MANAGER were wife and husband residing in Lewis County, Washington. Defendant JANE DOE ASSISTANT MANAGER was the Assistant Manager of Walmart Store #2249 at the time of Plaintiff's

COMPLAINT FOR PERSONAL INJURIES- 2

Harold D. Carr, P.S.
4239 Martin Way E.
Olympia WA 98516
(360) 455-0030
Fax (360) 455-0031

fall. Fictitious Defendants, JANE DOE ASSISTANT MANAGER and JOHN DOE ASSISTANT MANAGER, whose true name and capacity are unknown to Plaintiff, were employees, agents, and/or representatives of WALMART INC., acting within the course and scope of their respective employment. Plaintiff therefore sues these Defendants by such fictitious names. Plaintiff reserves the right to amend the Complaint to state the true name and capacity of said JANE DOE ASSISTANT MANAGER and JOHN DOE ASSISTANT MANAGER.

2.4   Defendant, "JOHN DOE EMPLOYEES 1- 5", on information and belief were residents of Washington, at all times relevant and material to this Complaint. Fictitious Defendants, "JOHN DOE EMPLOYEES 1-5", whose true name and capacity are unknown to Plaintiff, were employees, agents, and/or representatives of WALMART INC., acting within the course and scope of their respective employment at or on behalf of Walmart Store #2249. Plaintiff therefore sues these Defendants by such fictitious names. Plaintiff reserves the right to amend the Complaint to state the true name and capacity of said "JOHN DOE EMPLOYEES 1-5".

### III. JURISDICTION AND VENUE

3.1   Plaintiffs, GENEVIEVE T. PORTER and STEVEN PORTER, are residents of Chehalis, Lewis County, Washington.

3.2   Personal jurisdiction exists over Defendants. The "tortious act" and omissions giving rise to and causing Plaintiffs' injury claims occurred in Lewis County, Washington and because Defendants conduct business in Chehalis, Lewis County, Washington.

3.3   Venue is proper in Lewis County, Washington because the Defendant,

COMPLAINT FOR PERSONAL INJURIES- 3

Harold D. Carr, P.S.
4239 Martin Way E.
Olympia WA 98516
(360) 455-0030
Fax (360) 455-0031

1  WALMART INC., owns, uses, maintains, possesses, and controls property in Chehalis,
2  Lewis County, Washington, transacts business in Lewis County, Washington, and directs,
3  controls, and monitors training, supervision, and oversight of its employees, agents, and
4  representatives, including, JOHN DOE EMPLOYEES 1-5, and the Defendants' acts and
5  omissions giving rise to and causing Plaintiff GENEVIEVE T. PORTER's injuries and
6  damages occurred in Lewis County, Washington, and the losses suffered by her husband
7  STEVEN PORTER. RCW 4.12.020(3); RCW 4.12.025(1).

## IV. FACTS

4.1    That on or about Friday, August 2, 2019, Plaintiff, GENEVIEVE T. PORTER, was shopping at the Wal-Mart Supercenter store in Chehalis, WA designated as Walmart store #2249.

4.2    The Chehalis Walmart Store, like the more than 5,000 other stores and clubs operated directly or indirectly by Walmart, Inc. across the nation, is open to the public for the self-service sale of products for profit.

4.3    At all times relevant and material to this lawsuit, Plaintiff GENEVIEVE T. PORTER was an invitee at the property.

4.4    While shopping in Walmart Store #2249, GENEVIEVE T. PORTER encountered one or more dangerous and/or hazardous conditions, or instrumentalities, caused, created, controlled, or operated by one or more JOHN DOE EMPLOYEES, including an unmarked wet floor, inside the entrance of the store next, positioned next to a water dispenser, with no floor mat present. The below photograph shows the entrance, but with changed conditions since the date of the incident (including the presence of a floor mat):

COMPLAINT FOR PERSONAL INJURIES- 4

Harold D. Carr, P.S.
4239 Martin Way E.
Olympia WA 98516
(360) 455-0030
Fax (360) 455-0031



4.5     As a result of the dangerous and/or hazardous conditions or instrumentalities then existing, created, and/or permitted to remain upon the store premises due to the negligence of defendants, and/or the absence of applicable guarding, warnings, or abatement,

COMPLAINT FOR PERSONAL INJURIES- 5

Harold D. Carr, P.S.
4239 Martin Way E.
Olympia WA 98516
(360) 455-0030
Fax (360) 455-0031

1 arising to negligence on the part of Defendants, GENEVIEVE T. PORTER fell and sustained

2 injuries.

3     4.6    On or about Friday, August 2, 2019, Plaintiff GENEVIEVE T. PORTER fell

4 due the negligence, errors, and omissions of one or more "JOHN DOE EMPLOYEES." As

5 a result of the fall, Plaintiff GENEVIEVE T. PORTER suffered injuries and damages.

## V. NEGLIGENCE

7     5.1    Under the doctrine of respondeat superior, WALMART INC. is liable for the

8 acts and omissions of its employees, agents, and representatives, including but not limited to

9 JOHN DOE MANAGER, JANE DOE ASSISTANT MANAGER, and JOHN DOE

10 EMPLOYEES 1-5 which caused harm to its business invitee, GENEVIEVE T. PORTER, in

11 the operation of Walmart's self-service store.

12     5.2    Defendant JOHN DOE MANAGER and JANE DOE ASSISTANT

13 MANAGER, the manager and assistant manager of store #2249 were negligent in failing to

14 perform their respective duties to maintain store #2249 reasonably safe for their invitees,

15 permitting insufficient policies, procedures, training, supervision, and enforcement of

16 employees, agents, and representatives, in failing to take reasonable precautions to protect

17 Walmart's invitees from foreseeable harm by allowing employees to engage-in and create

18 hazardous and/or dangerous practices and conditions, and failing to warn shoppers of

19 hazardous and dangerous practices and conditions created by Walmart, its agents,

20 representatives, or employees, or permitted to remain on the premises.

21     5.3    Defendants were the owners and occupiers of the premises and knew of the

22 hazardous and dangerous conditions on the premises because it created the conditions, or

COMPLAINT FOR PERSONAL INJURIES- 6

Harold D. Carr, P.S.
4239 Martin Way E.
Olympia WA 98516
(360) 455-0030
Fax (360) 455-0031

failed to exercise ordinary care to discover the conditions, and should have realized that it involved an unreasonable risk of harm to business invitees and customers, including GENEVIEVE T. PORTER. Defendants should have expected that GENEVIEVE T. PORTER would not discover or realize the danger or would fail to protect herself against it, and failed to exercise ordinary care to protect GENEVIEVE T. PORTER and other customers against the danger, hazard, and unsafe condition. Moreover, the method of operation of the business was such that Defendants were on notice of the existence, nature, cause, extent, scope, and etiology of the dangerous, hazardous, or unsafe conditions.

      5.4    Upon information and belief, Defendant WALMART INC. created, installed, maintained, and controlled a video-surveillance system at store #2249 which recorded Plaintiff's fall, as well as recorded her entry, appearance while on the premises, and mode and method of exiting the store. Additionally, upon information and belief, WALMART INC. created, kept, maintained, and controlled personnel logs, employment files, investigation files, and necessary materials allowing for the identification of employees, agents, and representatives, with discoverable knowledge or information pertaining to the claims, injuries, and damages set forth by Plaintiff. WALMART INC. had actual and constructive knowledge of the essential nature of preserving, maintaining, and protecting the recorded surveillance video of Store #2249 from the date of the incident, and materials relating to the claims, injuries, and damages. WALMART INC. had a duty to preserve, maintain, and protect recorded surveillance video of Store #2249 from the date of the incident, and materials relating to the claims, injuries, and damages. To the extent that Defendants assert affirmative defenses such that GENEVIEVE PORTER is at fault, there are

COMPLAINT FOR PERSONAL INJURIES- 7

Harold D. Carr, P.S.
4239 Martin Way E.
Olympia WA 98516
(360) 455-0030
Fax (360) 455-0031

non-parties at fault, GENEVIEVE PORTER had pre-existing symptomatic conditions that impacted her mobility, GENEVIEVE PORTER assumed the risk of harm, or GENEVIEVE PORTER unreasonably failed to mitigate her damages, it is presumed WALMART INC. should have preserved the surveillance/imaging system to demonstrate the existence of such facts and evidence, which would have been exclusively within its possession and control.

    5.5    On the date of the occurrence, Walmart store #2249 was under the ownership, occupation, management, possession, control, supervision, and care, of WALMART INC., JOHN DOE MANAGER, and JANE DOE ASSISTANT MANAGER and were responsible for policies, practices, actions, hazards, and conditions at said Walmart in Chehalis, WA. The Defendants, themselves, and by and through their agents, servants, and employees, owed Plaintiff a duty to provide and maintain safe premises for the benefit of its invitees. Defendants also had a duty to:

    (a)    Provide safe and adequate maintenance of the premises and grounds;

    (b)    Provide invitees with warning signs regarding unsafe areas and hidden dangers;

    (c)    Have a system to provide warnings to invitees by roping off, taping off and or/or utilizing safety cones to mark unsafe areas and hidden dangers;

    (d)    Have a system in place to inspect the premises for unsafe conditions;

    (e)    Inspect the premises for unsafe conditions once its employees become aware or should have become aware of potential unsafe conditions;

    (f)    eliminate unsafe conditions on its premises once its employees become aware or should become aware of unsafe conditions; and

COMPLAINT FOR PERSONAL INJURIES- 8

Harold D. Carr, P.S.
4239 Martin Way E.
Olympia WA 98516
(360) 455-0030
Fax (360) 455-0031

      (g)    guard invitees against unreasonable hazards and conditions created in whole or in part by Walmart employees, agents, and representatives, and or conditions created in whole or in part by entrants or invitees of which Defendants had actual or constructive knowledge.

5.6    Defendants breached their duties as set forth in paragraphs 4.4 – 4.6, and 5.1 – 5.5.

5.7    As a direct and proximate cause of Defendants' breach of their duties as set forth in paragraphs 4.4 – 5.6, Plaintiff GENEVIEVE T. PORTER, suffered personal injuries and damages.

5.8    Defendants had actual and/or constructive notice of the defects and negligence alleged in paragraphs 4.4 – 5.6.

## VI. NO COMPARATIVE FAULT

6.1    Plaintiff, GENEVIEVE T. PORTER, was without negligence of any kind or nature whatsoever and did not contribute to her own injuries or damages in any way.

## VII. DAMAGES

7.1    As a direct and proximate result of the aforementioned policies, practices, procedures, acts, omissions, and negligence of Defendants, Plaintiff, GENEVIEVE T. PORTER, suffered personal injuries with resulting pain and suffering, personal damage, disability, emotional trauma, emotional distress, and loss of enjoyment of life, harms, losses, and other damages all believed to be permanent and which shall be described with greater particularity and proven at the time of trial.

7.2    As a direct and proximate result of the aforementioned policies, practices,

COMPLAINT FOR PERSONAL INJURIES- 9

Harold D. Carr, P.S.
4239 Martin Way E.
Olympia WA 98516
(360) 455-0030
Fax (360) 455-0031

procedures, acts, omissions, and negligence of Defendants, Plaintiff, GENEVIEVE T. PORTER, has been required to seek medical and healthcare treatments, will continue to require medical and healthcare treatments, medical expenses, out of pocket expenses, and other harms, losses, special damages and general damages of a nature and amount all of which shall be described with greater particularity and proven at the time of trial.

7.3     As a direct and proximate result of the aforementioned policies, practices, procedures, acts, omissions, and negligence of Defendants, STEVEN PORTER suffered a loss of the care, companionship, society, love, and affection of his spouse and tortious interference, injury, harm and damage to their relationship, and is entitled to be compensated therefore.

7.4     None of the individual Defendants are members of the armed forces of the United States.

**LIMITED PHYSICIAN/PATIENT WAIVER**

Plaintiff hereby waives the physician-patient privilege ONLY to the extent required by RCW 5.60.060, as limited by the Plaintiff's constitutional rights of privacy, contractual rights of privacy, and the ethical obligation of physicians and attorneys not to engage in ex parte contact between a treating physician and the patient's legal adversaries.

**DEMAND FOR JURY TRIAL AND RELIEF**

WHEREFORE, Plaintiff demands a jury trial on all disputed issues, and prays for judgment against the Defendants, and each of them, jointly and severally, as follows:

1.    For judgment in such amount as shall be proven at the time of trial.

2.    For pre-judgment interest at the statutory rate on all items of special

COMPLAINT FOR PERSONAL INJURIES- 10

Harold D. Carr, P.S.
4239 Martin Way E.
Olympia WA 98516
(360) 455-0030
Fax (360) 455-0031

damages including, without limitation, expenses of medical care and treatment, property damage and loss of use of vehicle.

3. For an award of attorneys fees and costs of suit incurred herein.

4. For such other and further relief as the Court may deem just and equitable.

DATED this 20 day of April, 2022.

HAROLD D. CARR, P.S.

HAROLD CARR, WSBA #11767
ADAM C. COX, WSBA #35677
Attorney for Plaintiff

COMPLAINT FOR PERSONAL INJURIES- 11

Harold D. Carr, P.S.
4239 Martin Way E.
Olympia WA 98516
(360) 455-0030
Fax (360) 455-0031